UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR-05-29-B-W |
| THOMAS MICHAEL DAIGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

This *de novo* review addresses whether the Government commits a Rule 12(e) violation by objecting generally to Defendant's motion to suppress, but failing specifically to address a particular issue in its memorandum of law. This Court concludes there is a difference under Rule 12(e) between failing to object and failing to argue and no Rule 12(e) sanction is appropriate.

**I. Statement of Facts**

On July 19, 2005, the Magistrate Judge filed her Recommended Decision with this Court, recommending that the defendant's motion to suppress be denied. (Docket # 30). In his Objection, Mr. Daigle focuses on two issues: (1) waiver; and, (2) law enforcement authority.[1] (Docket # 33). He first contends that the Government failed to object to his law enforcement authority issue and, therefore, waived the right to object under FED. R. CRIM. P. 12(e). Absent waiver, he asserts he should prevail on the merits.

In its Order In Respect to Discovery, the Court set May 9, 2005 as the deadline for pretrial motions and imposed a filing schedule, requiring the Government to respond to each

---

[1] Mr. Daigle has not objected to the Recommended Decision's conclusion that the stop itself met constitutional muster and to this extent, the Recommended Decision is affirmed without objection.

defense motion within twenty-one days of its filing.  (Docket # 16).  The Defendant filed a motion to suppress on April 26, 2005, and the Government objected on May 31, 2005.  (Docket # 18, 21).  The Magistrate Judge scheduled the matter for hearing.  (Docket # 23, 24, 26).

In his motion to suppress, Mr. Daigle made a *Terry v. Ohio,* 392 U.S. 1 (1968), argument: that the police did not have "a reasonable and articulable suspicion that [he was] engaged in criminal activity."  *Def.' s Mot. to Suppress and Mem. of Law* at 3 (Docket # 18).  In order to make a *Terry* argument, the search could not be a border search, because, as he acknowledged, "[r]outine border stops at the point of entry may be conducted even without reasonable and articulable suspicion."  *Id.* (citing *United States v. Montoya de Hernandez,* 473 U.S. 531, 538 (1985)).  Once beyond the point of entry, however, Mr. Daigle argued that a "roving border patrol may stop an individual if 'specific, articulable facts' support a reasonable suspicion that the person is an illegal alien."  *Id.* (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975)).

Mr. Daigle then turned to his arrest.  Because federal statutory law does not permit local law enforcement officers to conduct border searches, Maine statutory law does not permit local law enforcement officers to make warrantless arrests for federal border crimes, and Officer Chambers of the Calais Police Department stopped Mr. Daigle one-half mile from the border, Mr. Daigle argued his arrest was unauthorized and the resulting evidence must be suppressed.  In response, the Government went straight to the question of whether Officer Chambers had a reasonable and articulable suspicion to justify a brief, investigatory detention under *Terry* and its progeny.  *Gov't Res. In Opp.* (Docket # 21).  The Government did not directly address in its memorandum whether the town police officer had the statutory authority to stop Mr. Daigle on suspicion of a border crime.

In her Recommended Decision, Magistrate Judge Kravchuk quickly disposed of the *Terry* argument, concluding that under *Florida v. Royer,* 460 U.S. 491, 497 (1983), Officer Chambers was conducting an investigatory detention, that he discovered Oxycontin during a protective frisk, and that the defendant made an incriminating admission. *Recommended Decision* at 4-5 (Docket # 30). The Magistrate Judge then addressed Mr. Daigle's law enforcement authority argument, noting that the Government had failed to respond to it in the written response and "neither party addressed it during the hearing." *Id.* at 6. Magistrate Judge Kravchuk, however, did not consider the Government's objection waived. She instead devoted substantial analysis to the question before ruling in favor of the Government. *Id.* at 5-9. After reviewing potential sources of authority for Officer Chambers' stop, Magistrate Judge Kravchuk drew two conclusions: (1) statutory authority for the stop is found under the "fresh pursuit" or "reasonable time thereafter" provisions of 17-A M.R.S.A. § 15(2); and, (2) even absent this statutory authority, Officer Chambers had the authority to perform an investigatory detention while awaiting the arrival of the border agent. *Id.*

## II. Discussion

Rule 12(e) provides:

A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

FED. R. CRIM. P. 12(e). Compliance with Rule 12(b)(3) is essential for the efficient administration of justice. If the defendant wishes to suppress evidence, the rule contemplates the removal of suppression questions from the trial itself to avoid "interrupt[ing] the course of the trial for such auxiliary inquiries" impeding "the momentum of the main proceeding" and breaking the "continuity of the jury's attention." *United States v. Gomez,* 770 F.2d 251, 253 (1st

Cir. 1985) (quoting *Nardone v. United States*, 308 U.S. 338, 342 (1939)).  This rule applies to unasserted issues.  *See United States v. Torres,* 162 F.3d 6, 11 (1st Cir. 1998), *cert. denied*, 526 U.S. 1057 (1999) (holding that not only is there waiver when the defendant fails altogether to file a motion to suppress before trial, but even when he has done so but did not include a particular ground and wishes to add it later).  It also applies to the Government.  FED. R. CRIM. P. 12 advisory committee's note (stating that "the defendant and, where appropriate, the government have an obligation to raise the issue at the motion date").

      Defendant improperly conflates the failure to object with the failure to argue.  Absent good cause, the failure to object triggers a sanction under Rule 12(e).  By contrast, the failure to argue is its own sanction.  Here, the Government timely filed a general objection to Defendant's motion to suppress and it is not subject to a Rule 12(e) sanction.[2]  It sometimes happens that the issue that turns out to be dispositive is not the issue the parties emphasized.[3]  But, having filed a general objection, if a party's strategic decision to run with what it perceives is its stronger argument were to constitute a waiver of all alternative grounds, the parties would be encouraged, for fear of sanction, to file overly lengthy memoranda replete with attenuated diversions.  Having generally objected, by its silence on a particular issue, the Government runs the risk of losing on the merits, not by sanction.

      Moreover, in the circumstances of this case, to impose a waiver would be overly punctilious.  Here, the legal authority of the law enforcement officer to make the stop was intertwined with the constitutional propriety of the stop under *Terry*.  In her Recommended Decision, Magistrate Judge Kravchuk concluded that the stop was permissible even if Maine law

---

[2] The Government complied with Local Rule 147(b) by formally objecting within the court-imposed deadline (as extended).  Local Rule 147(b) mandates a response, but does not dictate its contents.

[3] As Magistrate Judge Kravchuk noted, neither party orally raised this issue during argument at the evidentiary hearing.  *Recommended Decision* at 6 (Docket #30).

did not expressly authorize Officer Chambers to arrest the defendant.  Thus, when the Government contended the stop was permissible as an investigatory detention, it was focusing on what turned out to be an alternative basis for the Recommended Decision.  Finally, despite the Government's failure to argue the law enforcement issue in its response and the parties' failure to argue it at the hearing, Magistrate Judge Kravchuk did not consider the issue waived and instead addressed it at length.  If the Magistrate Judge before whom the evidence was presented and the oral argument made did not consider the issue waived, neither will this Court on *de novo* review.

Rule 12(e) waivers are generally imposed when a party fails to bring a suppression motion and attempts to exclude the evidence during trial, see *United States v. Santos Batista,* 239 F.3d 16, 19 (1st Cir. 2001), *cert. denied,* 534 U.S. 850 (2001), or when a party has consciously or by neglect limited its argument and belatedly attempts to resurrect it.  *See Torres,* 162 F.3d at 11.  Neither circumstance exists here.  This Court declines to impose a Rule 12(e) sanction.

### III.  Conclusion

The United States Magistrate Judge filed with this Court on July 19, 2005 her Recommended Decision.  The Defendant filed his objections to the Recommended Decision on September 2, 2005, and the Government filed its response to those objections on September 22, 2005.  This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record.  It has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision.  This Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and for the additional reasons set forth herein.  It concludes no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that that Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Defendant's Motion to Suppress (Docket # 18) is <u>DENIED</u>.

<u>/s/ John A Woodcock, Jr.</u>  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2005